# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> HARTRIDGE HOMEOWNERS ASSOCIATION, SATICOY BAY, LLC SERIES 5528 MERIDIAN RAIN; ABSOLUTE COLLECTION SERVICES, LLC., <br><br> Defendants. | Case No. 2:16-CV-00409-KJD-PAL <br><br> **ORDER** |

Presently before the Court is Defendant Hartridge Homeowners Association's Motion to Dismiss Plaintiff's Complaint (# 16). Plaintiff filed a response in opposition (# 26) to which Defendant replied (# 27).

**I. Background**

Plaintiff, Bank of America, N.A. (BANA), is seeking relief from a foreclosure on a property located at 5528 Meridian Rain Street in North Las Vegas, Nevada. BANA is seeking relief and injunctions against Defendants, Hartridge Homeowners Association, Absolute Collection Services, LLC (ACS), and Saticoy Bay, LLC Series 5528.

According to the allegations of the complaint, in June 2009, Donnalee Dugay obtained a loan in the amount of $118,030.00 which was secured by a deed of trust encumbering the subject property. Subsequently, Dugay failed to pay her HOA assessments, so in October 2013, Hartridge,

through its agent, ACS, recorded a notice of delinquent assessment lien. ACS recorded a notice of default and election to sell in December 2013 and January 2014, and a notice of sale in April 2014.

BANA requested a ledger from ACS identifying the super priority amount, which ACS provided, but the super priority amount was miscalculated and included assessments and costs which were precluded under statute. (#1 at ¶ 26). BANA calculated what it believed to be the correct super priority amount and tendered payment in the amount of $684.00 to ACS to satisfy the super priority lien on March 13, 2014.

ACS, notwithstanding, foreclosed on June 17, 2014. The property was purchased by Saticoy Bay for $10,100.00, less than ten percent of the unpaid principal balance on the senior deed of trust. Id. at ¶ 32. On November 17, 2015, BANA submitted a demand for mediation to Nevada Real Estate Division (NRED), but NRED failed to schedule mediation. Id. at ¶ 8. BANA then filed its complaint on February 26, 2015 asserting four claims. First, it seeks quiet title and requests declaratory relief against all Defendants regarding whether the HOA foreclosure sale extinguished the first deed of trust.  Second, BANA asserts ACS and Hartridge breached the duty of good faith imposed by NRS § 116.1113 by not identifying the accurate super priority amount, not notifying BANA that its security interest was at risk, and not accepting the payment of the super priority amount. Third, BANA asserts a wrongful foreclosure claim against ACS and Hartridge. Fourth, BANA seeks injunctive relief against Saticoy Bay to prohibit any transfer of the subject property.

Defendant Hartridge moves to dismiss claims one, two, and three of the complaint, arguing that the aforementioned claims should be dismissed because they must first be mediated or arbitrated pursuant to NRS § 38.310. See #16 at 3.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

**III. Analysis**

Defendant Hartridge moves to dismiss Plaintiff's claims because the case was never mediated by a third party, as required under NRS § 38.310(1). The statute states, in relevant part:

> No civil action based upon a claim relating to the interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association ... may be commenced in any court in this [s]tate unless the action has been submitted to mediation.... A court shall dismiss any civil action which is commenced in violation of [this provision].

3

Additionally, Section 38.330(1) provides: "Unless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim."

Defendant argues that Plaintiff was barred from initiating this lawsuit because it had not participated in mediation per the statutory requirement. Defendant further contends that Plaintiff did not "constructively exhaust" the available administrative remedies because NRED did not schedule mediation within 60 days.

Plaintiff asserts that even if Section 38.310 applies, Plaintiff submitted the case to mediation per the statute and thereby "exhausted" the statutory requirement that a claim must first be "submitted to mediation" before bringing a civil action. Id. Taking the factual allegations as true, the Court finds that Plaintiff properly submitted the claim to mediation and thereby constructively exhausted the administrative remedy pursuant to Section 38.310.

Plaintiff also argues that N.R.S. § 38.310 does not apply to beneficiaries of first deeds of trust. See U.S. Bank Nat. Ass'n v. NV Eagles, LLC, Case No. 2:15-cv-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (declining to extend Section 38.310 beyond homeowners in disagreement with their HOAs); See also Nationstar v. Shadow Hills Master Ass'n, Case No. 2:15-cv-1320-GMN-PAL, 2015 WL 9592498, at *2 (D. Nev. Dec. 31, 2015) (stating Section 38.310 does not apply to beneficiaries of deeds of trust).

However, Defendant Hartridge notes that there is a split in the District Courts of Nevada and cite authority demonstrating that N.R.S. § 38.310 applies to any party seeking to bring a claim against an HOA. See Nationstar Mortgage, LLC v. Sundance Homeowners Ass'n, Inc., Case No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *4 (D. Nev. Mar. 30, 2016) (finding the statute's plain language does not allow for any exceptions based on the identity of the parties to the suit); See also U.S. Bank, N.A. v. Woodchase Condominium Homeowners Association & Jason Edington, Case No. 2:15-cv-01153-APG-GWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016) (beneficiaries of deeds of trust required to mediate under Section 38.310).

The Supreme Court of Nevada has yet to rule on the question of whether NRS § 38.310

applies to disputes beyond those between a homeowner and an HOA. See Sundance, Case No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *4. However, the Court need not address the question of whether the statute applies to beneficiaries of first deeds of trust because, for the aforementioned reasons, the Court finds that Plaintiff properly submitted the claim to mediation per Section 38.310(1).

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant Hartridge's Motion to Dismiss (#16) is **DENIED**.

DATED this 29th day of June 2016.

_____
Kent J. Dawson
United States District Judge

5