UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A. | Case No. 2:16-cv-0409-KJD-BNW |
| Plaintiff, | ORDER |
| v. | |
| HARTRIDGE HOMEOWNERS ASSOCIATION, *et al*., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment (#51). Defendant Hartridge Homeowners Association ("Hartridge") filed a response in opposition (#56) as did Defendant Saticoy Bay, LLC series 5528 Meridian Rain ("Saticoy Bay") (#58) to which Plaintiff replied (#60/61).

Also before the Court is Defendant Hartridge Homeowners Association's Motion for Summary Judgment (#52) to which Defendant Absolute Collection Services, LLC filed a Joinder (#54). Bank of America filed a response in opposition (#59).

Finally, before the Court is Defendant Saticoy Bay's Motion for Summary Judgment (#53). Plaintiff Bank of America, N.A. ("BANA") filed a response in opposition (#57) to which Saticoy Bay replied (#62).

I. Facts

Donnalee E. Dugay ("Borrower") financed her property located at 5528 Meridian Rain Street, North Las Vegas, Nevada ("the Property") with a $118,030 loan secured by a deed of trust. On or about July 7, 2014, the deed of trust was assigned to Plaintiff BANA.

The Property is subject to and governed by the Declaration of Covenants, Conditions and Restrictions and Grant of Easements ("CC&Rs") for Hartridge Homeowners Association.

Eventually, Borrower defaulted on her obligation to pay assessments of approximately $76 per month under the CC&Rs to Hartridge. On October 30, 2013, Hartridge through its foreclosure agent, Defendant Absolute Collection Services ("ACS"), recorded notice of delinquent assessment lien. ACS recorded notice of default and election to sell on December 30, 2013. The notice stated that Borrower owed $2,155.33 plus costs and fees without specifying which part was the superpriority lien.

On January 31, 2014, BANA's counsel, Miles Bauer Bergstrom & Winters, LLP ("Miles Bauer") offered to pay the superpriority lien and asked for a total. In response, ACS provided an account statement showing nine months of assessments and costs and fees totaling $2,484.35. The statement did not indicate that they owed any maintenance or nuisance abatement charges. Based on the ledger, BANA calculated the superpriority amount as $684.00 (nine months of assessments) and tendered that amount by check to ACS on March 13, 2014. ACS received and accepted the tender on behalf of Hartridge.

ACS proceeded with the foreclosure sale, because " the Borrower and BANA failed to continue paying assessments [after ACS accepted the tender]." At the foreclosure sale, ACS circulated a bid sheet saying that the superpriority amount had been paid and the crier of the sale announced that the superpriority amount had been paid. Foreclosure sale was conducted on June 17, 2014 and the foreclosure deed was recorded on June 19, 2014. Saticoy Bay purchased the property for $10,100.00. The parties now disagree as to whether Hartridge's foreclosure extinguished BANA's lien or whether Saticoy Bay purchased the property subject to the lien.

II. Standard for Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine

factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

III. Analysis

Bank of America argues that its deed of trust survived Hartridge's nonjudicial foreclosure for four discrete reasons: (1) the bank tendered the superpriority portion of the HOA lien; (2) the association foreclosed under an unconstitutional version of NRS § 116 and violated due process as-applied; (3) the Supremacy Clause preempts NRS § 116; and (4) the sale was unfair and should be equitably set aside under Shadow Canyon. Because the Court finds Bank of America's tender argument dispositive, it need not reach the bank's other arguments. Hartridge and Saticoy Bay, on the other hand, move for summary judgment on their quiet title claims. Saticoy Bay seeks a declaration that Hartridge's foreclosure extinguished both BANA's and Borrower's interest in the property.

A. Tender

BANA argues that its tender of the superpriority portion of Hartridge's lien before the association's foreclosure preserved its deed of trust from extinguishment. The bank's argument hinges on the check that Miles Bauer sent ACS after receiving the association's notice of foreclosure. In response to that notice, Miles Bauer contacted ACS and requested the superpriority balance and offered to pay whatever that balance was. ACS responded with an account statement that itemized all the outstanding fees on the property's account. From that statement, Miles Bauer calculated nine months of association assessments and remitted ACS a check for that amount, $684.00. ACS accepted the tender and foreclosed on the subpriority lien making it clear at the sale that the superpriority lien had been satisfied.

The Nevada Supreme Court has confirmed that a party's valid tender before foreclosure discharges an association's superpriority lien and voids the foreclosure as to the tendering party's deed of trust. Bank of America, N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 121 (Nev. 2018) ("Diamond Spur"). Tender is "valid" if it is payment in full and unconditional, or with conditions that the tendering party has a right to request. Id. at 117–118. Diamond Spur presented facts nearly identical to these. There, Bank of America calculated nine months of assessments and tendered a check for that amount before foreclosure. The bank's letter[1] to the association accompanying its tender included certain conditions, including a "paid-in-full" condition, whereby the association's acceptance of tender would satisfy all of the bank's financial obligations to the association. Id. at 118. Unlike the present case, the association rejected the check and foreclosed. The association argued that the bank's tender was incomplete because it did not include payment for nuisance and abatement fees and that the tender was impermissibly conditional due to the paid-in-full language in the tender letter. Id. at 117–18.

The Nevada Supreme Court disagreed. It found that the bank's tender was both "in-full" and not impermissibly conditional. Payment in full, according to NRS § 116.3115, includes nine months of unpaid assessments and nuisance and abatement fees, if such fees exist. Id. at 117. Because there was no evidence that Bank of America owed nuisance and abatement fees, its tender of nine months' unpaid assessments constituted payment in full. Id. Likewise the tender was not impermissibly conditional because Bank of America had a right to insist upon the conditions it included in its tender. By tendering payment prior to the foreclosure, the bank voided the association's foreclosure as to the superpriority lien. The association, therefore, could not convey the property free from Bank of America's deed of trust, and any subsequent purchaser took its interest subject to the bank's. Id. at 121.

The facts here are extremely similar to Diamond Spur, and the result is the same. Miles Bauer tendered the entire superpriority balance two years before Hartridge's foreclosure. As Diamond Spur made clear, the superpriority portion only includes up to nine months'

---

[1] Miles Bauer's letter in Diamond Spur was extremely similar, if not identical, to the letter that it sent in the present action.

- 4 -

assessments plus nuisance or abatement charges. There is no evidence that BANA owed nuisance or abatement fees here, so its failure to tender nuisance and abatement fees does not make its tender incomplete. BANA's tender alone preserved its deed of trust. Coupled with ACS's acceptance and declaration that the superpriority lien had been satisfied, Hartridge could not convey the property free of the bank's deed of trust. Therefore, Saticoy Bay took its interest subject to BANA's.

Defendants argue that equity favors them when considering BANA's tender. However, equity is not in consideration when deciding whether the sale is void, because the lien was satisfied by BANA's tender. See, e.g., Diamond Spur, 427 P.3d at 120-21 (Nevada Supreme Court did not balance equities). Saticoy Bay argues that BANA's tender did not preserve its deed of trust for several reasons, none of which are persuasive in light of Diamond Spur.

First, Saticoy Bay argues that Miles Bauer's tender did not discharge Hartridge's lien because (1) the tender assigned an interest in BANA, which subordinated the bank's interest to the association's and required recording; (2) the tender was impermissibly conditional; and (3) the association's rejection was in good faith. The Nevada Supreme Court has explicitly rejected Saticoy Bay's first two arguments, and the third has no basis in fact, because the tender was accepted, not rejected.

Tender of a superpriority lien does not operate as an assignment, nor does it subrogate the rights of the tendering party to the rights of the association. Diamond Spur, 427 P.3d at 119 citing NRS § 111.315. Tender of the superpriority lien "does not alienate, create, assign, or surrender an interest in land." Id. at 119. It *preserves* a pre-existing interest, which allows the holder of the deed of trust to protect its legitimate interest and avoid foreclosure. Id. at 119–20. Because tender is not an assignment of land, tender of the superpriority lien does not subrogate the bank's interest to the association's interest. Similarly, because tender does not "alienate, create, assign, or surrender" a property interest, the tendering party need not record its tender or keep it good. Id. To the contrary, "after tendering the superpriority portion of an HOA lien to preserve its interest as first deed of trust holder . . . a party need only be ready and willing to pay to keep the tender good." Id. at 121. It follows that § 116 does not require payment in cashier's

check or other guaranteed funds. See id. at 120–21, Chinatown St. Tr. v. Bank of America, N.A., No. 74545-COA, 2018 WL 6609590 (Nev. Ct. App. Dec. 7, 2018).

To the extent that Saticoy Bay absurdly suggests that the Nevada Supreme Court is wrong about its pronouncement of what the law is regarding equitable subrogation, this Court is unable to provide a remedy even if Saticoy Bay was right. This Court is bound by the Nevada Supreme Court's interpretation of the applicability of equitable subrogation as it relates to NRS § 116. See Ticknor v. Choice Hotels Intern., Inc., 265 F.3d 931, 939 (9th Cir. 2001). Accordingly, the Court rejects Saticoy Bay's argument that equitable subrogation prevented BANA from preserving its deed of trust through valid tender.

Likewise, the conditions included in Miles Bauer's letter did not invalidate its tender. A tendering party may only include conditions that it has a right to insist upon. Diamond Spur, 427 P.3d at 118. Acceptable conditions are limited to "receipt of full payment or a surrender of the obligation." Id. at 118 citing Heath v. L.E. Schwartz & Sons, Inc., 416 S.E.2d 113, 114–15 (Ga. App. 1992). Here, Saticoy Bay takes issue with Miles Bauer's payment-in-full language and other alleged "false statements" in the tender letter. For example, Miles Bauer's letter excerpted several sections of NRS § 116 rather than quote the entire subsection of the statute. The letter then states that the association's acceptance of tender would be "an unconditional acceptance on [the association's] part of the facts state [t]herein." Saticoy Bay argues that accepting tender would mean it agreed with Miles Bauer's incomplete statements of the law, which it did not. However, none of the "false statements" that Saticoy Bay disputes were conditions of its acceptance. They were merely excerpted statements of law or fact. The only condition included in Miles Bauer's letter was the paid-in-full condition that cured the bank's financial obligations to the association. Diamond Spur explicitly allowed such a condition. Therefore, Miles Bauer's tender letter was not impermissibly conditional.

In sum, BANA's deed of trust survived Hartridge's foreclosure sale because the bank's tender cured the superpriority lien balance before foreclosure. The sale was expressly made on the subpriority lien. Therefore, SFR acquired the property subject to BANA's existing deed of

trust. The Court, therefore, grants Plaintiff Bank of America's motion and declares that its deed of trust still encumbers the property.[2]

### B. Saticoy Bay's Counterclaims

Saticoy Bay filed counterclaims seeking to quiet title against BANA. Having found that BANA's tender cured the superpriority lien before Hartridge's foreclosure sale, Saticoy Bay purchased the property subject to BANA's lien. Accordingly, Saticoy Bay's claims for relief must be dismissed with prejudice.

### C. BANA's Remaining Wrongful Foreclosure and Breach of NRS § 116 Claims

After granting BANA's motion and finding that its deed of trust survived Hartridge's foreclosure, only BANA's claims for wrongful foreclosure and breach of NRS § 116 against ACS and Hartridge and the bank's injunction claim against Saticoy Bay remain. As for BANA's wrongful foreclosure and breach of NRS § 116 claims, the bank pleaded those claims in the alternative to its quiet title and declaratory relief claims. Because the Court has granted judgment on the bank's quiet title claim, it need not consider alternative claims. Accordingly, BANA's wrongful foreclosure and breach of NRS § 116 claims against Hartridge and ACS are dismissed.

Likewise, the Court dismisses BANA's injunctive relief claim against Saticoy Bay. Although styled as a stand-alone cause of action here, an injunction is a remedy. See Jensen v. Quality Loan Svc. Corp., 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010); In re Wal-Mart Wage and Hour Emp't Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). Additionally, an injunction at this point is unnecessary. The Court has already quieted title and provided the declaratory relief the bank sought. Therefore, the Court dismisses BANA's injunctive relief claim against Saticoy Bay.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff/Counterdefendant Bank of America, N.A.'s Motion for Partial Summary Judgment (#51) is **GRANTED**. The Court declares that BANA's deed of trust in the property located at 5528 Meridian Rain Street, North

---

[2] Because the Court grants Plaintiff's motion for summary judgment on its claim that it validly tendered an amount to satisfy the superpriority lien and grants the motion, it is unnecessary to reach the other grounds cited in its motion for summary judgment.

- 7 -

Las Vegas, Nevada survived Hartridge Homeowners Association's nonjudicial foreclosure. The Court also declares that whatever interest Defendant Saticoy Bay, LLC series 5528 Meridian Rain acquired in the property it takes subject to Plaintiff's first deed of trust.

IT IS FURTHER ORDERED that Defendant Hartridge Homeowners Association's Motion for Summary Judgment (#52) is **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant Saticoy Bay, LLC's Motion for Summary Judgment (#53) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff/Counterdefendant and against Defendants Hartridge Homeowners Association, Absolute Collection Services, and Defendant/Counterclaimant Saticoy Bay, LLC series 5528 Meridian Rain.

Dated this 30th day of September, 2019.

_____
Kent J. Dawson
United States District Judge